IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SARAH SWARTZBECK** *and* **TERI SWARTZBECK**, <br><br> Plaintiff, <br><br> v. <br><br> **NAVIENT SOLUTIONS, INC.**, *formerly known as* SALLIE MAE, INC., <br><br> Defendants. | CIVIL ACTION NO. 14-746 |

## **OPINION**

CONTI, Chief District Judge

On June 12, 2014, plaintiffs Sarah Swartzbeck and Teri Swartzbeck (together with Sarah Swartzbeck, "plaintiffs") filed a lawsuit in this court under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"). (ECF No. 1.) On August 1, 2014, plaintiffs and defendant Navient Solutions, Inc. ("defendant") filed a joint motion to stay this case pending arbitration. (ECF No. 7.) On August 5, 2014, the court granted the joint motion to stay. (ECF No. 8.) On December 31, 2014, defendant filed a stipulation of dismissal. (ECF No. 9.) On January 5, 2015, the court based upon the stipulation of dismissal dismissed this action with prejudice and ordered the clerk of court to mark the case closed.

On May 1, 2015, National Consumer Advocates, Inc. ("NCAI"), which is not a party to this action, filed a notice of lien in this case. The notice of lien provides:

> Please take notice that NCAI asserts a lien on any recovery in this action pursuant to its' [sic] written agreement with Plaintiff in the amount of $9,971.72.

(ECF No. 10.) On May 11, 2015, plaintiffs filed a motion to strike the notice of lien. (ECF No. 11.) Plaintiffs argue the notice of lien should be stricken because: (1) NCAI does not provide any basis or explanation about why a lien is warranted in this case; (2) NCAI does not identify the type of lien it seeks to assert; and (3) NCAI served the unverified notice of lien on the attorneys who represented plaintiffs in this case, but did not obtain

personal service on plaintiffs. (ECF No. 11.) On June 2, 2015, NCAI filed a response in opposition to the motion to strike. (ECF No. 12.) NCAI argues:

> Krohn & Moss suggest they are unaware of the basis of the lien asserted by NCAI but they are Defendants in a pending action regarding their breach of these liens wherein declaratory relief regarding validity of these liens is already being adjudicated—something they didn't feel this Court should be advised of (Ex. 4). Kohn & Moss is Counsel in this case because of a nationwide referral scheme they have established through their agents Biancone and Johnson and are well aware that their clients first had a contract with NCAI regarding this matter because they set up the entire scheme to create violations and then have the clients referred to them. NCAI attaches the contract with Plaintiff herein (Ex. 1), the current invoice with Plaintiff herein (Ex. 2) and the addendum signed by the Plaintiff here (Ex. 3) which was DRAFTED BY Krohn & Moss (Ex. 5).

(ECF No. 12.) NCAI attaches to the response five exhibits in support of its arguments. (ECF No. 12-1-12-5.)

Upon review of the docket and parties' submissions in this case, the court has determined it will grant plaintiffs' motion to strike and strike the notice of lien. NCAI in its filings with this court did not:

- file with this court any document indicating it has obtained a judgment against plaintiffs entitling it to any recovery received by plaintiffs;
- cite to any law, federal or otherwise, that provides a basis for it to assert or file a prejudgment lien in this case; and
- address or explain its failure to personally serve plaintiffs with the notice of lien.

Under those circumstances, the court cannot discern any legal basis that supports NCAI's filing of the notice of lien in this case. See Distasi v. Navient Solutions, Inc., Civ. Action No. 15-38 (N.D. N.Y. 2015) (granting in strikingly similar circumstances the plaintiff's motion to strike notice of lien because NCAI did not provide any legal basis upon which it filed the lien or failed to personally serve the plaintiff). Plaintiffs' motion to strike will be granted and the notice of lien stricken from the docket. An appropriate order will be entered.

|  |  |
|---|---|
| Dated: November 6, 2015 | BY THE COURT,<br>/s/ JOY FLOWERS CONTI<br>Joy Flowers Conti<br>Chief United States District Judge |